NEWPORT TRUST COMPANY, Trustee, *vs.* BENJAMIN NEWTON *et al.*

JANUARY 9, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

94

SWEETLAND, C. J. This is a bill in equity brought by the complainant Trust Company, substituted trustee under a trust created by the eighth and ninth paragraphs of the will of George Sherman, late of Newport, deceased. Certain of the possible beneficiaries under said trust are joined as parties complainant. The bill seeks a construction of these trust provisions and for instructions to the trustee relative thereto. The case being in the superior court ready for hearing for final decree has been certified to this court for determination.

The paragraphs in question are as follows:

"I give and devise to Augustus P. Sherman and John T. Bush and the Survivor of them my house and lot of land on Division Street in Newport where I now reside, but upon the Trusts and for the uses following, That is to say, To let and lease the same from time to time in their discretion, and from the rents and income thereof to keep the same in good repair, and insured, and pay all taxes and necessary charges thereon, and the residue of said rents and income after paying all expenses, incident to the execution of this trust, my said Trustees shall pay into the Savings Bank of said Newport from time to time as collected, and permit the same to accumulate there, to be disposed of as hereafter provided,

I also give to said Trustees and the survivor of them the sum of Five Hundred Dollars in cash in Trust to deposit the same in said Savings Bank and permit the same to accumulate dividends there. And it is my will, that said Trustees shall in the event of any of my children or grand-children, being or becoming unable to provide themselves with a comfortable home elsewhere, permit in their discretion every such homeless child or grand-child to reside in and have a home in said house on Division Street. It being my purpose hereby to secure to my children, and grand children, a home during their lives, in case of their inability to provide or procure one elsewhere. And if from this or any other cause the rents and income of said homestead should be so reduced as to be insufficient to keep the Buildings insured and in repair, and the taxes thereon paid, then my Will is that all the said insurance, repairs and taxes be paid from the income of the said Five Hundred Dollars, which I have given in trust to said Trustees, and my Will further is that this Trust shall continue until there shall be but two of my grand children surviving, and that then said Trust shall be closed by the conveyance of the whole of said Trust property absolutely and in Fee simple to said Surviving grand children. And whenever the net income (deducting Taxes, Repairs, Insurance and expenses) of my said Homestead estate on Division Street, added to said Five Hundred Dollars, and the income accumulated thereon shall exceed One Thousand Dollars, my said Trustees may from time to time, divide such excess among my several children, and their respective heirs. The issue of a deceased child taking the share the parent would have taken if living.

"In permitting any such homeless child or grand child to reside in said Domicil, preference shall be given to such child, by my said Trustees, they are however to use their best discretion in any such contingency."

The said Augustus P. Sherman and John T. Bush, trustees named in the will, are now deceased and the complainant Trust Company has been appointed and has qualified

as substituted trustee. The superior court for reasons satisfactory to it has permitted the house and lot in question, the subject of the principal trust, to be sold for better investment and the proceeds of the sale are now held by the substituted trustee subject to the trust. All of the children of the testator have died and his surviving grandchildren have joined as complainants in this suit. The respondents are all of the great-grandchildren of the testator who are now alive.

The complainant grandchildren, who claim to be the sole surviving beneficiaries under the trust, are desirous that said trust be terminated and the trust fund be distributed among said grandchildren in equal shares. The complainant Trust Company is willing to accede to this request if it may do so without violating the provisions of the trust. Certain of the respondent great-grandchildren have answered the bill and claim that they are also beneficiaries under the trusts and say that they do not desire to have trusts terminated. The following questions set out in the bill embody the matters as to which construction of the terms of the trust is sought:

"A. Are the grandchildren of the testator the sole beneficiaries of the corpus of the trust?

B. Assuming the grandchildren are the only ones entitled to share in the division of the trust estate, are the great-grandchildren, and even more remote issue, of testator entitled to share in the income of the trust fund during the life of the trust?

C. If the grandchildren are the sole beneficiaries of the entire trust, principal and income, is it proper for the trustee to distribute the trust estate and close the trust?"

We have considered questions "A" and "B" together and will make the following answer applicable to both:

The testator created two distinct though related trusts; the subject matter of one was his house and lot with its accumulated rents and profits, the subject of the other was

the sum of five hundred dollars given to the trustees with its accumulation dividends. The primary purpose of the testator in creating these trusts was to provide a home for such of his children or grandchildren as in the vicissitudes of fortune might become homeless. In the expression of that purpose the testator's language is plain and we hold that therein he used the words "child," "children," "grandchild," and "grandchildren" in their ordinary sense. The testator's aim in creating the trust of five hundred dollars was to secure the maintenance of the house and lot without encumbrances, if the rents and profits therefrom should be insufficient for the purpose. As to his primary purpose the sole beneficiaries now alive are such of the complainant grandchildren as shall hereafter become homeless. Each of said trusts will terminate when there shall be but two of said complainant grandchildren surviving. Upon the happening of that event the two survivors of that class are entitled to share equally in the remaining corpus of the two trusts. The subject matter of what we have termed the first trust having been converted into money, if in the future it shall be necessary to effectuate the testator's primary purpose, the superior court in the exercise of its power in equity to superintend the management of trust estates may give such direction as to the use of the corpus of the first trust as will best carry out the testator's purpose.

The disposition which, during the continuance of the trust shall be made of the accumulations of income from the two funds when the sum of such accumulations shall exceed one thousand dollars, appears to have no relation to his primary purpose in creating the trusts. As to such primary purpose the beneficiaries are such of his children or grandchildren as shall become destitute and the two surviving grandchildren. Whatever should be regarded as the testator's intent now under consideration with reference to the distribution of the excess of income, such distribution clearly is not at all affected by the indigence of the beneficiaries. The testator explicitly directed that the trustee may divide

"such excess among my several children, and their respective heirs, the issue of a deceased child taking the share the parent would have taken if living." Because the testator intended to restrict the enjoyment of his residence to the homeless among his children and grandchildren and that the principal of the trust funds should go to his two surviving grandchildren, the complainant grandchildren claim that the testator intended to restrict the beneficiaries in the distribution of the excess of income to the same classes and contend that the words "heirs" and "issue" should be interpreted as "children" and the said excess of income should be divided among the children of the testator's children, *i. e.*, among the complainant grandchildren. It appears to us that this contention is entirely argumentative and speculative. Nothing appears in the language of the trust which clearly shows such an intent in the donor. The testator apparently regarded the sum of one thousand dollars to be amply sufficient for the continued maintenance of his residence and did not desire the income of the maintenance fund to be accumulative beyond that amount. It is not inconsistent with his primary purpose for him to have intended that the excess of income should be divided among his children, and that in case of the decease of a child, that child's share should pass to his heirs, or to the heirs of his body, as the technical word "heirs" has been modified in this connection by the use of the word "issue". This court has repeatedly held that in a testamentary gift neither the word "heirs" nor "issue" in the absence of a clear intention to that effect should be interpreted to mean "child" or "children." *Quinn* v. *Hall, Jr.*, 37 R. I. 56; *Turbitt* v. *Carney*, 43 R. I. 582; *Pearce* v. *Rickard*, 18 R. I. 142; *R. I. Hos. Trs. Co.* v. *Bridgham*, 42 R. I. 161. It is plain from the other language of the gift that the testator used the word "issue" as an expression of representation. The testator's children being dead the excess of income should be distributed among the descendants generally of such children, the portion which each child would have taken if living to go to his descendants

per stirpes. The great-grandchildren of the testator and even more remote issue of his children are possible beneficiaries entitled to share in the division of income of the trust estate.

In answer to question "C" we say that in conformity with the answer to questions "A" and "B" the court should not now decree a dissolution of the trust upon the agreement of the complainant grandchildren. For another fundamental reason the court should not permit the trust to be terminated. The testamentary gift remains an express and active trust. The object of the donor has not been accomplished and can not be until only two of his grandchildren survive and the possibility of the indigence of one or more of his other grandchildren no longer exists. In such circumstances equity should not now decree a dissolution of the trust.

On January 16, 1928, the parties may present a form of decree in accordance with this opinion.

*Burdick, Corcoran & Peckham,* for complainant.
*Sheffield & Harvey, J. Russell Haire,* for respondents.