INDUSTRIAL TRUST CO. EX. & TR. *vs.* ELIZABETH M. COLT
*et al.*

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Trusts.*

X. by indenture transferred securities to a trustee, the indenture providing that during the joint lives of the wife of X. and their two sons the trustee should pay a fixed annual sum to the wife and children from the net income if sufficient, and pay to the settlor during his life and after his death to his appointees by will, or in default of appointment to his next of kin, so much of the net income as was not required to make the payments to the wife and children of settlor or either or any of them.   Thereafter settlor executed a supplemental indenture, and provided that in case the trustee received in any year income in excess of the amount necessary for the payments to the wife and children the trustee should unless otherwise directed by settlor in his lifetime or after his death by such person as settlor should by will appoint if he made such appointment, add such excess of income to the *corpus* and keep the same invested, but in such manner that such excess and the accretions thereto should at all times be distinguishable from the remainder of the trust property, and in case in any year the income from the *corpus* was not sufficient to make the payments to the beneficiaries the trustee should apply the accumulated excess of income and the accretions thereto to such payment so far as should be necessary.   The net income from the *corpus* was always sufficient to make the payments.   X. deceased, not having in his lifetime revoked the direction to trustee to add the surplus income to the trust property and made no appointment by will.

*Held,* that the excess net income accruing during settlor's lifetime was his property which by the supplemental indenture was added to the trust estate and after death of settlor remained a part of such trust estate.

*Held,* further, that as to the excess of income accruing after death of settlor, which by the original indenture was to be disposed of only by will, as settlor by will gave testamentary effect to the supplemental indenture, it was unnecessary to consider whether he had power to dispose of such excess income accruing after his death by the supplemental indenture.

*Held,* further that settlor by giving in his will testamentary effect to said indentures "so far as the same shall be operative" made the appointment by will in accordance with the right reserved under the original indenture, and thereby the trustee was by the will directed to add the excess income as it should accrue to the trust estate, and at the termination of the trust make the same disposition of any excess remaining as was provided in the indenture for the *corpus* of said estate.

Under a separation agreement between settlor and his wife, it was provided that on the death of settlor his executors should purchase an annuity for the wife, equal to the annual payments which the wife was entitled to under

the agreement or deposit securities with some trust company sufficient to provide the required income.

Under the will of settlor, he directed that all the provisions of the indentures and of the agreement should have the same testamentary effect as if incorporated in the will and if the net income of the securities should be insufficient for the payment of the annuities any deficiency should be supplied from the net income from a trust fund established under the will.

*Held*, further, that testator did not intend that the excess income accruing before and after his death should be used for the payment of the annuity provided for in the separation agreement, as by the will he otherwise disposed of all of the excess income accruing from the securities held by the trustees under the original indenture.

(2)  *Wills.  Residuary Clause.*

General language in a residuary clause cannot take precedence of other language in the will showing a clear intention to bequeath certain income.

BILL IN EQUITY for construction of certain indentures and will.

RATHBUN, J.   This cause is a suit in equity brought by the complainant in its capacity as trustee under two certain indentures between Samuel P. Colt, deceased, and John J. Watson, Jr., and as executor of and trustee under the will of said Colt.   The prayer of the bill of complaint is for the construction of certain provisions of said indentures and will, and the questions involved relate to the disposition made by those indentures and the will of certain income and accumulations of income from the trust fund created by said indentures.   The beneficiaries under the trusts created by the indentures and under the trusts created by the will are joined as parties defendant.   Those *non sui juris* are represented by guardians *ad litem;* and a representative of the contingent interests of persons not in being or not ascertainable whose interests may be affected by the cause has been appointed in pursuance of the provisions of General Laws (1909), Chapter 289, Section 21.

The case, being ready for hearing for final decree, was certified to this court for determination in accordance with the provisions of Section 35, Chapter 289, G. L. 1909, upon bill, answers and proof.

Four written instruments are involved: (1) the indenture dated December 30, 1908, between Samuel P. Colt and John J. Watson, Jr., (2) the indenture dated June 30, 1909, between Samuel P. Colt and John J. Watson, Jr., (3) the separation agreement dated January 20, 1912, between Samuel P. Colt and Elizabeth M. Colt, and (4) the will of Samuel P. Colt, which was duly admitted to probate by the Probate Court of the Town of Bristol. The first of these instruments will be hereafter referred to as the original indenture; the second, as the supplemental indenture, and the third, as the separation agreement.

James B. Littlefield, Esq., the representative of the contingent interests of persons not in being or not ascertainable, submitted the rights of those represented by him to the protection of the court. All other persons interested were represented at the hearing by counsel who made oral arguments and filed briefs.

By the original indenture, date December 30, 1908, Samuel P. Colt, who at that time had for a number of years lived apart from his wife, Elizabeth M. Colt, transferred certain stocks and bonds to John J. Watson, Jr., as trustee. Said indenture, by its third clause, provides that during the joint lives of his wife, Elizabeth M. Colt, and their two sons, Russell G. Colt and Roswell C. Colt, the trustee "shall pay from the net income, if sufficient, unto the said Elizabeth M. Colt the sum of Seventeen Thousand ($17,000) Dollars annually, and as nearly as may be in equal quarterly instalments."

The eighth clause of said indenture provides as follows: "The Trustee shall, in each year, pay unto the Settlor during the life of the Settlor, and after his death to such persons as the Settlor shall by will appoint, or, in default of such appointment, to the next of kin of the Settlor, so much of the net income received by the Trustee as shall not be necessary to make the annual payments to said wife and children of the Settlor or either or any of them." By said clause the next of kin of the settlor were given an interest in remainder in so

much of the excess net income accumulating after the settlor's death as would not be needed to make the annual payments to the settlor's wife and children.   By said clause the settlor reserved to himself the excess net income accruing during his life and also reserved the right to appoint by will the person to receive said excess income accruing after his death and directed, that in default of appointment, said surplus go to his next of kin.   The settlor did not by the terms of said clause reserve to himself the right to make such appointment by any other means than by will and as the persons comprising the settlor's next of kin are now claiming the right to receive said excess net income accruing since the death of the settlor we will consider whether the settlor did by will appoint persons to take said excess net income.

On June 30, 1909, Samuel P. Colt, the settlor, and John J. Watson, Jr., executed a supplemental indenture.   This indenture sets forth the provision of the original indenture above quoted and recites that "the Settlor desires to change and alter the said provision so that such surplus of the net income may be invested by the Trustee and become a part of the trust property and in the event that in any year the income shall be insufficient to make the payments in said indenture directed to be made to the widow and children of the Settlor, the investments from the surplus net income shall be available to make up any deficit in the income for such year."

Said supplemental indenture provides in part as follows: "*First.*  That in case there shall in any year be received by the Trustee income from the trust estate in excess of the amount necessary for the payment of expenses incidental to the management of the trust property as provided in the Second Paragraph of said trust indenture, and of the amounts by said trust indenture directed to be paid unto Elizabeth M. Colt, the wife of the Settlor, and Russell G. Colt and Roswell C. Colt, sons of the Settlor, the Trustee shall, unless otherwise directed by the Settlor in his lifetime or after his death by such person or persons as the Settlor shall by will

appoint, if he shall make such appointment, add such excess of income to the trust property and estate and shall keep the same invested, but in such manner that such excess of income and the accretions thereto from investments shall at all times be distinguishable from the remainder of the trust property and estate.

"*Second.* That in case there shall in any one year not be received by the Trustees from the trust property and estate income from the shares in the capital stock of corporations and from the bonds transferred to the Trustee by said indenture dated the thirtieth day of December, A. D. 1908, sufficient for the payment of the expenses incidental to the management of the trust property as provided in the Second Paragraph of said indenture and of the amounts in said indenture directed to be paid to said Elizabeth M. Colt, Russell G. Colt and Roswell C. Colt, or either of them, the Trustee shall apply the accumulated excess of income and the accretions thereto to the payment of the amounts directed to be paid to said Elizabeth M. Colt, Russell G. Colt and Roswell C. Colt as aforesaid, so far as shall be necessary to pay in each year the full amounts directed by said indenture to be paid to them."

Before the death of said Samuel P. Colt the complainant succeeded John J. Watson, Jr., as trustee under said indentures. The net income from the securities deposited with the original trustee has always been sufficient to make the payments provided for in the original indentures.

By the first clause of the supplemental indenture the settlor directed that "the Trustee shall, unless otherwise directed by the Settlor in his lifetime or after his death by such person or persons as the Settlor shall by will appoint, if he shall make such appointment," *add such excess of income to the trust property and estate* "and shall keep the same invested." . . . The settlor did not in his lifetime revoke the direction to the trustee to add the surplus income "to the trust property and estate" and as the settlor did not by will "make such appointment" it will be unnecessary to

consider whether the settlor could delegate to another the power of appointment which the settlor, by the terms of the original indenture, reserved only to himself.    The excess net income accruing during the settlor's lifetime was his property and he made a valid disposition of it by the supplemental indenture by directing the trustee to add said income to the trust property and estate. ` As the direction to the trustee was not revoked by the settlor during his lifetime and as no person had authority to revoke said direction after the settlor's death, it follows that the net income accruing during the settlor's lifetime is and must remain a part of the trust property and estate.

It appears that the settlor, in directing, by the first clause of the supplemental indenture, the trustee to "add such excess of income to the trust property and estate," failed to distinguish between the excess of income, accruing during his lifetime, which he could dispose of in any way he desired, and the excess of income, accruing after his death, which by the terms of the original indenture he provided for a disposition of only by will.   In *Wallace* v. *Industrial Trust Co.*, 29 R. I. 550, this court quoted with approval from *Neisler* v. *Pearsall*, 22 R. I., at 367, as follows:   "In all of these cases it is admitted that the deliberate intention of the grantor to settle his property beyond his own control makes his deed irrevocable."   However, as it will appear that the settlor by his will gave testamentary effect to said supplemental indenture it becomes unnecessary to determine whether the settlor had the power to dispose of the said excess income, accruing after his death, by said supplemental indenture.

By the second clause of his will Samuel P. Colt, the settlor after reciting the execution of said indentures, and the purposes for which they were executed, the fact that the complainant is trustee under said indentures, and after reciting that he had entered into another agreement with his wife to pay her a certain other annuity, directs as follows:   "Now I direct and declare that all the provisions of said Indenture

of Trust and of said Agreement, and of any other Agreement or Agreements supplementary thereto remaining to be performed shall, so far as the same shall be operative, be binding upon my Executor and Trustee and have the same testamentary effect as if herein incorporated and made a part of this my last will and testament, and in the event that the net income of said securities shall be insufficient for the payment of said annuities, any deficiency in said income shall be supplied from the net income arising from the trust fund established by the twenty-seventh clause of this Will."

Our conclusion is that Samuel P. Colt by giving testamentary effect by the second clause of his will to said indentures "so far as the same shall be operative" appointed by will, in accordance with the right which he reserved to himself by the eighth clause of the original indenture, the person to take said excess income accruing after his death; and that said trustee was by will directed to add said excess income as it shall accrue "to the trust property and estate." The third clause of said supplemental indenture, which was given testamentary effect by the second clause of the will, is as follows: "*Third.* That in case, at the termination of the trust created by said indenture, there shall be any of such excess income and accretions thereto, the Trustee shall make the same disposition thereof as in said indenture provided for the principal or *corpus* of said trust estate."

The residuary clause contains the following language, (2) "including any estate of which I have the power of appointment by will." It was contended by some of the respondents that the testator by said residuary clause exercised his power of appointment over the said excess income accruing both before and after the testator's death. Such general language in a residuary clause can not take precedence of other language of the will showing a clear intention to bequeath the income in question.

The fourth question propounded by the bill of complaint is as follows: "Whether, if no appointment was made in

favor of said Elizabeth M. Colt, the payment of said additional annuity required to be paid under said agreement of January 20, 1912 was effectively provided for in and by said Second clause or otherwise in and by said will." We answer this question in the affirmative.

The fifteenth and nineteenth clauses of said separation agreement are as follows: "FIFTEENTH. On the death of the party of the second part in the lifetime of the party of the first part, and before the entry of a final decree divorcing the parties one from the other, the executors or administrators of the party of the second part shall purchase an annuity payable to the party of the first part during her life, equal to the annual payments to which the party of the first part shall be entitled hereunder at the time of the death of the party of the second part, or, at their option, deposit in some Trust Company incorporated under the laws of the said State of Rhode Island, sufficient money or securities to secure, by means of the income therefrom to the party of the first part during her life the income provided for her by the terms of this agreement, and thereupon the party of the first part shall execute and deliver such release of dower and other instruments of conveyance of her interest in the estate of the party of the second part as said executors or administrators may require.

"NINETEENTH. The parties hereto, and their respective heirs, executors and administrators, shall at any time and from time to time execute and do all such assurances and things as the other of them, his or her heirs, executors, administrators or assigns, shall reasonably require for the purpose of giving full effect to these presents, and the covenants, agreements and provisions herein contained."

The second clause of the will provides in part as follows: "Now I direct and declare that all the provisions of said Indentures of Trust and of said Agreement, and of any other Agreement or Agreements supplementary thereto remaining to be performed shall, so far as the same shall be operative, be binding upon my Executor and Trustee and have the

same testamentary effect as if herein incorporated and made a part of this my last will and testament, and in the event that the net income of said securities shall be insufficient for the payment of said annuities, any deficiency in said income shall be supplied from the net income arising from the trust fund established by the twenty-seventh clause of this Will."

It was suggested at the argument that the use in the second clause of the will of the language "and in the event that the net income of said securities should be insufficient for the payment of said ANNUITIES" (the italic is ours) indicates an intention that said excess income accruing before and after the testator's death should be used for the payment of the annuity provided for in the *settlement* agreement. We think the testator did not so intend. By his will he otherwise disposed of all of the excess income accruing from the securities held by the trustee under the original indenture.

It was stated by counsel at the hearing that the executor had, for the purpose of supplying an income to pay the annuity provided for in the separation agreement, deposited securities with itself in its corporate capacity as a trust company.

Our decision is that Samuel P. Colt by said supplemental indenture and will disposed of said excess net income, which accrued during his lifetime, and also the accretions thereto by directing that said income and accretions be added to the trust fund and estate to be held, together with the accretions thereto as a reserve fund to supply any deficiency in the income from the securities deposited with the trustee under the original indenture for the purpose of establishing an income to pay the annuity provided for in said indenture; that said Colt by giving, by his last will, testamentary effect to the provisions of said supplemental indenture did appoint by will said excess net income, accruing after his death, in accordance with the terms of the original indenture by directing the trustee to add said excess net income to the trust property and estate to be held for the same purpose as

said testator directed said excess net income, and accretions thereto, accruing before his death, to be held; "that the payment of said additional annuity required to be paid under said" settlement agreement "was effectively provided for" by said will and the complainant is advised accordingly.

The parties may, on July 2, 1923, at 9 o'clock a. m., Standard time, present a form of decree in accordance with this opinion.

*Edwards & Angell, Walter A. Edwards,* for complainant.

*Harvey A. Baker,* for respondents Russell G. and Roswell C. Colt.

*Comstock & Canning, Edward M. Brennan,* for Alfred G. Chaffee, Esq., Guardian *ad litem* for respondent, Elizabeth M. Colt.

*Edward A. Stockwell,* Guardian *ad litem,* for Elizabeth Colt.

*Lyman & McDonnell, Thomas F. I. McDonnell, Richard E. Lyman, Arthur J. Levy,* for LeBaron B. Colt, and certain other respondents.

*James B. Littlefield,* representative of contingent interests, etc.

*Gardner, Moss & Haslam, William W. Moss,* for Rathbone Gardner guardian *ad litem* for certain respondents.