RUSSELL G. COLT et al. vs. INDUSTRIAL TRUST Co. et al.

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Sweeney, J. This is a bill in equity praying for the construction of certain portions of the will of Col. Samuel Pomeroy Colt, late of the town of Bristol, Rhode Island.

Colonel Colt died August 13, 1921 and his will was duly admitted to probate September 6, 1921. His wife, two sons and their four grandchildren survived him. The Industrial Trust Company was nominated and appointed executor and trustee of the will and duly accepted said trust. By the 27th and 28th clauses of his will the testator disposed of the residuum of his estate. These clauses gave the property therein mentioned to the Industrial Trust Company as executor and trustee for the uses and purposes expressed in said clauses.

November 23, 1927, the testator's sons, being beneficiaries under said 27th and 28th clauses and his heirs and next of kin, filed this bill for the purpose of terminating the trust created by the 27th clause. The executor and trustee and all other parties interested in said clause were made parties respondent. The Trust Company as executor and trustee filed an answer incorporating therein a cross bill praying for the construction of certain provisions of the will relating to the trusts created by said 27th and 28th clauses. The other parties interested in said trusts set forth their respective claims by answer or cross bill. Guardians *ad litem* were

appointed to represent all persons *non sui juris;* and the contingent interests of persons not in being or not ascertainable were represented by a person appointed by the Superior Court for that purpose, Sec. 4954, G. L. 1923, and such guardians and person duly filed answers.

The cause being ready for hearing for final decree was certified to this court for determination upon the original bill, subsequent pleadings and proof.

The first two sentences of the 27th clause of said will are as follows: "Twenty-seventh. I give, devise and bequeath to said Industrial Trust Company and its successors all the real estate in said Town of Bristol owned by me at the time of my decease, to have and to hold the same in special trust for the uses and purposes hereinafter expressed, that is to say: To take possession of, hold and manage the same, to pay the expenses of taxes, assessments, insurance premiums and repairs, of all of said real estate, and in addition to such expenses the compensation of such agents and employes as may be necessary for the safe-keeping and upkeep of my Homestead Estate in said Bristol, built by my grandfather George DeWolf in 1810, including therewith the stables, garage and other buildings thereon, and all my land adjoining, and all the furniture, plate, paintings, statuary, and personal property of all kinds in and about the premises, and also of my Papposesquaw Farm, now called 'Colt Farm' in said Bristol, and the live stock and all personal property thereon and to permit my children and grandchildren to use and occupy said Homestead Estate and said Farm as a place of residence free of rent, my son Russell to have the first right to occupy said Homestead Estate and my son Roswell to have the first right to occupy said 'Colt Farm,' for and during the natural lives of said children and grandchildren until all but one of them shall have deceased, when my Trustee shall convey, transfer and deliver to such survivor, discharged of all trust, my said Homestead Estate and said Farm, with the personal property therein and thereon, and also my other real estate in said Town of Bristol then held by my Trustee under the provisions of this

trust, to have and to hold the same to him or her, as the case may be, his or her heirs and assigns forever. And it is my special request that my descendants to whom said Homestead Estate and said Farm shall belong as an estate in fee simple shall not sell or alienate the same."

The question presented is what construction should be given to the word "grandchildren" as used in the first sentence just quoted? Did the testator intend to limit the devise to his four grandchildren living at the time of his death or did he intend to include children of his sons who might be born after his death? The four grandchildren contend that the devise is limited to them. The two sons contend that the word "grandchildren" should be construed to include any children born to them after the death of the testator. This latter contention is also made by the guardian *ad litem* of a child of one of the testator's sons born since the death of the testator; and also by the guardian *ad litem*. of the minor mother of said child. The Trust Company as executor and trustee also makes this contention. These contentions have been argued with great ability by attorneys and voluminous briefs have been filed in support of each contention.

After careful consideration of this important question we have concluded that the testator meant by his "grandchildren" only those who were living at the time of his death and that he did not intend to include any child who might be born to his sons after his death. In arriving at this conclusion we have considered the general scheme of the will and the facts and circumstances surrounding the testator at the time of its execution as disclosed by the proof.

A person has the legal right to dispose of his property by will provided the disposition is not contrary to settled principles of law. It is reasonable to suppose that when a person makes a will he does not intend to die intestate as to any portion of his property. *Industrial Trust Co.* v. *Gardner*, 44 R. I. 404. Where the language of a will is reasonably susceptible of two constructions, one of which

246

will invalidate it and the other sustain it, the latter construction, if consistent with the testator's intention and the rules of law, must be adopted as it will be presumed that the testator intended to make a valid devise or bequest. 40 Cyc. 1407. In *Chapman* v. *Cheney*, 191 Ill. 574, 583, it is stated that: "It is the duty of the court, in construing a will, to ascertain as nearly as possible the intention of the testator as disclosed by the instrument, and to give it such a construction as will carry such intention into effect. It is, of course, true, that the will cannot carry into effect the intention of the testator in violation of law, and if any of the provisions of the will in controversy violate the rule against perpetuities, such provision or provisions must be declared void, for it is the duty of courts to enforce the rule, and not to fritter it away by adverse construction."

Complainants ask to have the word "grandchildren" construed to include their children who may be born after the death of the testator and thereby render the whole or a large portion of said 27th clause invalid on account of its being a devise in violation of the Rule against Perpetuities. Complainants' solicitors say in their brief that "the sole reason for any question with regard to the Twenty-seventh clause arises out of the fact that there is a Rule Against Perpetuities to make trouble in the Twenty-seventh and no Rule Against Perpetuities to raise any difficulty as to the second series of life-estates in the Twenty-eighth."

Colonel Colt was a member of the bar of this State for many years and was attorney general for several years. It is presumed that he knew of the Rule against Perpetuities and that he would not knowingly make a will attempting to dispose of his property in violation of that Rule. Colonel Colt was prominent in the social, political and business life of the State, a man of vision, big deeds and generous impulses. He accumulated a large fortune; organized the Trust Company which he made executor of his will and trustee of his estate. By the 18th clause of his will he made a generous bequest to many persons in the employ of

the Trust Company. See *Industrial Trust Co.* v. *Alves*, 46 R. I. 16. Colonel Colt was devoted to his family and wished to see them happy and prosperous. He lived in the homestead where his mother was born. In memory of his mother he erected The Colt Memorial High School for the town of Bristol on a portion of the Homestead Estate and in his will gave the town $100,000 in trust to use and employ the income therefrom in perpetuity for the maintenance of this memorial. He extended and developed the Colt Farm on the shores of Narragansett Bay and as a part of the development constructed a beautiful motor drive through the Farm and along the shore of the Bay and at the entrance to the drive erected a sign "Colt Farm, Private Property. Public Welcome." This drive was used by thousands of motorists for many years preceding the death of the testator.

The preservation of the Homestead Estate and the Farm for the surviving son or grandchild of the testator was the reason for the 27th clause of his will. In this clause the testator makes the special request that his descendants to whom said Homestead Estate and Farm shall belong as an estate in fee simple shall not sell the same, and he withholds the power of selling said Homestead Estate and Farm from his executor.

The will is dated December 28, 1917. The three children of the testator's son Russell and the one child of his son Roswell were then alive. The testator knew his four grandchildren and had great affection for them. He wished them to have the privilege of living at his homestead or farm free of rent and so provided in his will. By the 20th clause the testator gave $50,000 to each of his "grandchildren living at the time of my decease." Certainly no children of his sons born after testator's death could claim a like amount. When the testator referred to "my children and grandchildren" in the 27th clause he naturally had in mind "my grandchildren" to whom he had made the bequest in the 20th clause. The testator would naturally wish the fee of the Homestead Estate and the Farm to go at the end of

the trust to one of his grandchildren whom he knew rather than to some child who might be born after his death.

The testator made substantial bequests to his two sons, his brother and the latter's children, all contingent upon their "living at the time of my decease." It is apparent that the testator intended these bequests to lapse in case of the death of the legatee and not to go to the issue of any deceased legatee. In several instances the testator provided that in case of the death of the legatee the bequest was to be paid to the child or children of such deceased legatee. It is manifest from these and other bequests that the testator intended to designate the persons who were to receive any portion of his estate. From what Colonel Colt knew of the family relations of his sons he probably thought they would have no more children. If he intended that any children born to his sons after his death were to be included in the same class with his four living grandchildren undoubtedly he would have so provided in his will.

As we are of the opinion that when the testator used the word "grandchildren" in the 27th clause he intended only those grandchildren who were living at the time of his death, it follows that the trust is not in violation of the Rule against Perpetuities and that the trust is valid. This being so, the questions raised by the pleadings and argued by counsel as to the disposition of the trust property mentioned in the 27th clause in the event that the trust was held to be invalid, become immaterial and irrelevant.

The trust created by the 27th clause is an active one, 26 R. C. L. 1178. The trustee is charged with the duty of the safekeeping and the upkeep of the testator's Homestead Estate and Farm and other Bristol real estate until the time arrives when it is to be conveyed to the testator's surviving child or grandchild. The trustee alleges that it has been instructed by decree of the Superior Court entered May 29, 1923, as to the manner in which the Farm should be kept and maintained.

The testator's sons and his four grandchildren seek to terminate this trust because they consider it a useless and unreasonable expense to have the Homestead Estate and the Farm maintained as provided by the 27th clause. The sons aver that they are willing to convey their interests in the Homestead Estate and the Farm and the other real estate in Bristol to their four children upon two conditions: First, that the income from the trust fund which is used for the maintenance and upkeep of the Homestead Estate and the Farm shall go into the 28th clause. Second, that their four children shall convey said Homestead Estate and the Farm and the other real estate in Bristol and thus terminate the trust providing for the maintenance and upkeep of the Homestead Estate and the Farm.

To permit the trust to be thus terminated would be to utterly disregard the testator's clearly expressed intention. The testator anticipated that the income from his other Bristol real estate would be insufficient to provide for the expenses attending the care, management and custody of his Homestead Estate and Farm and, to make provision for this anticipated deficiency, in the 27th clause of his will directed his executor to set apart one-half of his residuary estate to be held by his trustee in special trust to apply the net income thereof, or so much as might be necessary, toward the expenses of the care, management and custody of the said Homestead Estate and Farm and further provided that, after the payment of any deficiency in the net income of an annuity named in the 2nd clause of his will, any surplus of said income should be applied as provided in the 28th clause of his will with reference to the income of the residuary estate held by the trustee. Under the 28th clause the net income from the residuary estate was to be paid in equal shares to the testator's two sons and his brother or their surviving children.

The income from the special trust fund created by the 27th clause has been more than sufficient to pay the deficiency in other income necessary to pay the expenses of the

upkeep and maintenance of the Homestead Estate and the Farm. This is not a case where the income provided by the testator is insufficient to carry out his purpose. It is obvious that a reduction in the amount of the income from the special trust fund expended on the Homestead Estate and the Farm would increase the amount of the income to be paid to testator's sons and the surviving children of his brother under the 28th clause.

The preservation of the testator's Homestead Estate and Farm for his surviving child or grandchild was the special purpose and intent of the 27th clause. He provided that his children and grandchildren were to be permitted to use and occupy the Homestead Estate and the Farm as a place of residence until all but one of them shall have deceased, when the trustee is to convey said property with the personal property therein to the survivor. The grandchildren are minors and it is alleged that they do not care to occupy the Homestead Estate or the Farm. After they become of age they may change their minds and wish to avail themselves of the privilege of living on the Homestead Estate or at the Farm. The refusal of the children or grandchildren to occupy the Homestead Estate or the Farm cannot be permitted to nullify the manifest and clearly expressed intention of the testator relative to their preservation and ultimate disposition. The continuation of the trust does not depend upon the occupation of the Homestead Estate or the Farm by the testator's children or grandchildren. The trust being an active one it is presumed that the trustee will continue to perform its duties in accordance with the terms of the 27th clause and the said decree of the Superior Court. Under the facts and circumstances now existing the trust cannot be terminated. *Newport Trust Co.* v. *Newton*, 139 A. 793.

Another question raised by the pleadings is whether the children of LeBaron C. Colt, son of LeBaron Bradford Colt, shall be paid a portion of the net income accruing from the trust estates created by the 27th and 28th clauses of said

will. These questions arise upon the following facts: By the 28th clause the testator created a trust of one-half of his residuary estate not set apart as provided by the 27th clause and ordered his trustee to pay over semi-annually the net income arising from a portion of said trust estate in equal shares to his two sons and his brother LeBaron Bradford Colt, for and during the terms of their natural lives, and upon the decease of any of them after the testator's death the trustee was to pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living.

The testator's brother LeBaron Bradford Colt died after the testator leaving three daughters surviving. His son LeBaron C. Colt died before the testator executed his will. The testator bequeathed to the widow of this nephew and to such of his children as survived the testator $50,000 each. The testator made no bequests to the children of his brother's daughters. The children of the testator's deceased nephew now claim that they are entitled to share with their aunts in the distribution of the net income under the 28th clause which would have been paid to the testator's brother had he lived. The trustee and the aunts oppose this claim.

This claim of the children of LeBaron C. Colt can not be allowed as the 28th clause clearly states that the share of the net income is to be paid to the surviving children of the testator's brother, and the trustee is so advised.

For the reasons stated we answer the relevant questions asked by the complainants as follows: That under the 27th clause of his will the testator did not intend to include grandchildren born after his death; that the trusts created by said clause are valid and that the complainants or their children can not terminate said trusts by conveying their rights or interests in said Homestead Estate and Farm and other Bristol real estate. The questions asked by the Trust Company have been answered directly in our opinion.

July 1, 1929, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*William H. Camfield, George Hurley,* for complainants.

*Edwards & Angell, Walter A. Edwards, Gurney Edwards,* for Industrial Trust Company, Ex. & Tr.

*Greenough, Lyman & Cross, William B. Greenough,* (Charles P. Sisson, Guardian *ad litem,*) for Theodora Colt Barrows, *et al.*

*Gardner, Moss & Haslam, Thomas F. Black, Jr., Edward W. Day,* (William W. Moss, Guardian *ad litem*) for Samuel Colt, *et al.*

*Sheffield & Harvey,* (William R. Harvey, Guardian *ad litem*) of Newport, for Elizabeth Colt, minor.

*Mason B. Merchant, Hinckley, Allen, Tillinghast & Phillips,* (Frederick W. Tillinghast, Guardian *ad litem*) for Melba P. Colt, minor.

*Constock & Canning, Edward M. Brennan,* for Elizabeth M. Colt.

*Edward A. Stockwell,* for LeBaron C. Colt, *et al.*

*John C. Knowes,* representative of contingent interests, &c. and Guardian *ad litem* of infant son of Roswell C. and Melba P. Colt.

(All of Providence, except as indicated.)