INDUSTRIAL TRUST COMPANY, Ex. and Tr., *vs.* RUSSELL G. COLT *et al.*

JUNE 25, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Sweeney, J. This bill in equity for instructions is brought by the executor and trustee under the will of Samuel P. Colt, late of Bristol, Rhode Island. All of the parties interested in the questions presented have been made parties respondent. A guardian *ad litem* appears for the minor respondents and a person also represents the contingent interests of persons not in being or not ascertainable.

The cause being ready for hearing for final decree was certified to this court for determination as required by G. L. 1923, cap. 339, sec. 35.

Since the cause was certified to this court a son has been born to one of the respondents and a guardian *ad litem* has been appointed to represent said son and said guardian has duly entered an appearance.

The cause was argued before this court March 7, 1927, but was not decided then because some of the parties wished to have it heard with another cause then contemplated which would require a construction of clauses 27 and 28 of the will. (See Rescript, 136 A. 771). The testator's sons having brought this latter cause, *Russell G. Colt et al.* v. *Industrial Trust Co. et al.*, 50 R. I. 242, both causes were heard on the same day in this court.

The testator at the time of his death, August 13, 1921, owned in fee simple a parcel of improved real estate located in the city of New York which was not specifically devised by his will. Soon after the death of the testator the question arose as to whether the New York real estate passed by the will or descended as intestate estate to the sons of the testator. All parties interested in this question wished to avail themselves of an opportunity to sell the real estate. In order to convey an unquestioned title to the purchaser, May 4, 1923, complainant, as executor and trustee under the will, executed and delivered a deed conveying said real estate to the purchaser. On the same day the two sons and the brother of the testator also executed and delivered a deed conveying said real estate to the same purchaser. The purchase price of the real estate was $130,000; $5,000 being paid in cash and the balance secured by a bond and mortgage to the complainant as executor and trustee. The understanding of all of the parties was that their interests in the real estate would not be changed by these transactions but would attach to the proceeds of the sale. Complainant charged itself as executor with the mortgage bond and cash received as the purchase price of the real estate. Complainant also charged itself as executor with the income from

the proceeds of the sale and then transferred the income to itself as trustee.

The two sons of the testator contend that the provisions of the will attempting to dispose of the New York real estate were void and that said real estate descended to them as heirs and next of kin of the testator as intestate estate and that they are entitled to the proceeds of the sale of said real estate with the income which has accrued thereon. The guardian *ad litem* of four minor children of said sons supports this contention. The testator ordered certain payments to be made to his brother LeBaron Bradford Colt and, upon his decease, to his surviving children. LeBaron Bradford Colt died August 18, 1924. His administrator d. b. n. c. t. a. and surviving children contend that the New York real estate did not descend to the testator's sons as intestate estate but should be disposed of according to the terms of the will. Because of these conflicting claims complainant as executor and trustee has asked for instructions; (1) as to the disposition to be made of the mortgage bond and cash which are the proceeds of said sale of the New York real estate and (2), as to the disposition to be made of the income received from the proceeds of said sale; (a), before the death of LeBaron Bradford Colt; (b), after his death.

The contention of the testator's sons is based upon the assumption that the testator's New York real estate became a part of the trusts created by the 27th and 28th clauses of his will; that these clauses in so far as they apply to said real estate are void because they violate the Rule against Perpetuities of said State or, more correctly speaking, violate its statute which limits the suspension of the absolute power of alienation for a longer period than during the continuance of not more than two lives in being at the creation of the estate. This contention requires the consideration and construction of the portions of said 27th and 28th clauses creating said trusts.

By the 27th clause the testator directed his executor to set apart one-half of his residuary estate to be held by his

trustee in special trust to apply the net income, or so much thereof as might be necessary, towards the expenses of the care, management and custody of his Homestead Estate and the Farm. Said clause provided that the Homestead Estate and the Farm were to be conveyed by the trustee to the testator's surviving child or grandchild. Upon such conveyance said one-half of the residuary estate shall fall in and become a part of the other half of the residuary estate to be divided and distributed or held as provided in the 28th clause.

The 28th clause devised and bequeathed all the rest, residue and remainder of the testator's estate (meaning the one-half part of his residuary estate not set apart as provided in the 27th clause) to the Trust Company in trust for the uses and purposes thereafter expressed. The trustee was directed to make an inventory of all of said rest, residue and remainder of said real and personal estate and place values on the same and the respective parts thereof to the best of its skill and understanding; and then divide the said residuary estate into six equal parts or shares each of which should contain an equal proportion, as near as may be, of all bonds, shares of stock and other securities included in said residuary estate. The trustee was directed to convey, transfer and make over to the testator's two sons and his brother three of said parts or shares discharged of all trust and to hold the remaining three parts or shares in trust with direction to pay the net income arising therefrom in equal shares to the testator's two sons and his brother during their lives and, upon the decease of any of them, to pay the surviving child or children of such deceased son or brother during his, her or their lives the share of said net income to which such deceased son or brother would have been entitled to if living. Upon the decease of such child or children of the testator's sons and brother, as the same shall happen, the trustee shall convey and set over to the child or children of such deceased child or children *per stirpes* and not *per*

*capita,* his, her or their proportionate part of this trust estate as an estate in fee simple discharged of all trust.

By the 29th clause the testator specially authorized and empowered his executor, whether acting as executor or trustee, to sell and convey any of his property, real or personal, excepting his Homestead Estate and the Farm, and declared that the purchasers should be exempt from all responsibility in respect to the application of the purchase money and from the necessity of inquiring into the regularity, validity or propriety of any sale purporting to be made under the trusts or powers set forth in his will.

When a person makes a will it is presumed that he did not intend to die intestate as to any part of his property or to make an invalid devise of the same. It is a familiar principle of law that courts will at all times give full effect to the intention of the testator provided always that such intent does not violate the statute law or well established principles of law. It is elementary that the validity of a devise of real estate must be determined by the law of the State of the situs of the real estate and that the law of the State of the testator's domicile governs the disposition of his personalty.

It has been assumed by the complainant and the sons of the testator that one-half of the New York real estate is subject to the trust created by the 27th clause. We have carefully read and considered said clause and find nothing therein to sustain such an assumption. The only property specifically devised in said clause is all the real estate in the town of Bristol owned by the testator. By said clause the executor is directed to set apart one-half of the testator's residuary estate to be held by his trustee in special trust for the purpose therein stated.

The residuary property to be thus set apart is left to the good judgment and sound discretion of the executor. The executor was not instructed to set apart the undivided one-half part of each and every item of real and personal property not specifically devised or bequeathed. The testator did not intend that his executors should set apart as a portion

of said special trust fund real estate situated in another State which could not be devised or held for the purposes of said special trust. The special trust was created for the purpose of maintaining the Homestead Estate and the Farm of the testator located in this State and should be composed of real or personal property subject to the jurisdiction of the courts of this State and not of foreign real estate over which our courts have no jurisdiction.

By the 28th clause testator expressly devised and bequeathed the rest, residue and remainder of his estate, real and personal, (not including the one-half part of his residuary estate set apart by the 27th clause) to the Trust Company in trust for the uses and purposes therein expressed. This devise included all of the New York real estate. The testator gave his executor and trustee full power and authority to sell and convey any of his real estate excepting his Homestead Estate and the Farm. The power of sale given to the trustee is absolute and plenary and is not dependent upon any condition, restriction or limitation placed upon its exercise. In *Robert* v. *Corning et al.*, 89 N. Y. 225, 235, ANDREWS, C. J., said: "Where the trustee is empowered to sell the land without restriction as to time, the power of alienation is not suspended, although the alienation in fact may be postponed by the non-action of the trustee, or, in consequence of a discretion reposed in him, by the creator of the trust." As we view this will there was no suspension of the power of alienation as the trustee could have conveyed an absolute fee in possession at any time from the moment of the testator's death.

The trustee could have sold and conveyed the New York real estate and divided the proceeds of the sale as directed by the 28th clause by paying the same directly to the sons and brother of the testator as a portion of the parts or shares to be paid to them at once or, if the testator's sons for any reason objected to such a sale the trustee could have placed a value upon said real estate as directed by said clause and included it in the value of the parts or shares of said

residuary estate which were to be conveyed, transferred and made over to said sons and brother at once discharged of all trust, as directed by said clause, and then conveyed said real estate to said sons and brother as a portion of said parts or shares. The fact that the trustee was directed by the 28th clause to make an inventory of all of the real and personal residuary estate, and place values on the same and the respective parts thereof, and then divide said residuary estate into six equal parts or shares, each of which should contain an equal proportion, as near as may be, of all bonds, shares of stock and other securities, did not require the trustee to divide the New York real estate into six equal parts or shares and allocate one part thereof to each part or share.

It was the duty of the trustee to place said New York real estate in the parts or shares which would carry out the intention of the testator and not invalidate a portion of his will. No injustice would result from such action. The misconception of the powers and duties of the executor and trustee, in this respect, as to the rights of the testator's sons and brother cannot be permitted to defeat the plain intent and lawful purpose of the testator.

The New York real estate has been sold by the trustee, the proceeds of the sale are in its possession and it asks for instructions relative to the disposition thereof. The trustee is instructed that it is its duty to include the proceeds of said sale in the value of the parts or shares designated in the 28th clause to be paid at once to the testator's two sons and brother. Said brother having deceased, the part which should have been paid to him, with the income which accrued thereon during his life, should be paid to his administrator d. b. n. c. t. a., and the income which has accrued since his death should be paid to the persons entitled thereto under the terms of his will.

July 1, 1929, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*Edwards & Angell, Walter A. Edwards, Gurney Edwards,* for complainant.

*Fitzgerald & Higgins, William H. Camfield,* for respondents Russell G. and Roswell C. Colt.

*Gardner, Moss & Haslam, William W. Moss, Edward W. Day,* for Rathbone Gardner, Guardian *ad litem* for Samuel P. Colt, *et al.*

· *Greenough, Lyman & Cross, William B. Greenough,* for Theodora Colt Barrows *et al.*