**FLEET NATIONAL BANK**

v.

**John D. MIGLIETTA et al.**

**91–42–Appeal.**

Supreme Court of Rhode Island.

Jan. 27, 1992.

Barry Hittner, Richard M. Borod, Edwards & Angell, Providence, for plaintiff.

Richard W. Zacks, Winograd & Shine, Ellen Benson, Winograd, Shine & Zacks, David Riedel, Andrew B. Prescott, Welling Thomas, Tillinghast, Collins & Graham, Lauren Jones, Jones Associates, Steven I. Rosenbaum, Hodosh, Spinella & Angelone, Providence, Kenneth Pearson, Gluss, Pearson, Scherago & Crannage, Port Washington, N.Y., Philip Brawner, Howard, Brawner & Stone, Miami, Fla., Robert C. Agee, Bronxville, N.Y., Joseph L. Kay, Albany, N.Y., Jay Levine, Bigham, Englar, Jones & Houston, New York City, David F. Fox,

Middletown, Samuel A. Olevson, Pucci & Goldin, Inc., Providence, Mark A. McSally, David H. Ferrara, Taft & McSally, Cranston, Gayle F. Tarzwell, Wakefield, Elizabeth Peterson Santilli, Andrew H. David, Jr., Davis, Jenckes, Kilmarx & Swan, Providence, Mark B. Heffner, Breslin, Sweeney & Earle, Warwick, for defendants.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court after a Superior Court justice granted a joint motion for certification filed pursuant to Rule 72(a) of the Superior Court Rules of Civil Procedure. This action arose out of a request for construction of the will of Samuel Pomeroy Colt filed in the Superior Court by the plaintiff as trustee under the will. We are presented with two issues on this appeal. First, we are asked to decide whether the principal of a special trust (hereafter the 27th-clause special trust) created pursuant to the will of Samuel Pomeroy Colt should now be distributed. Second, we are asked to decide if the estate is responsible for attorney fees and, if so, to which trust the fees should be charged. We answer both questions in the affirmative.

The plaintiff in this case is the executor of and the trustee under the will of the late Samuel Pomeroy Colt. The defendants in the action are Irving Trust Company, a New York banking corporation with a principal place of business in New York, New York, in its capacity as administrator c.t.a. of the estate of Russell G. Colt; the estate of Roswell C. Colt; the estate of LeBaron B. Colt; John D. Miglietta of New York, New York; Elizabeth C. Stansfield of Las Vegas, Nevada; Samuel C. Wilson of Olympia, Washington; Dorothy W. Payne of San Diego, California; Rodney C. Wilson of Modesto, California; Melba C. Delmouzos of Miami, Florida; Merika Irene Delmouzos Wostenholme of Boca Raton, Florida; Samuel Peshmalyn Colt of Cambridge, Massachusetts; Julia Wedgewood Colt of Cambridge, Massachusetts; S. Reed Anthony of Glen Head, Long Island, New York; the estate of LeBaron C. Anthony; the estate of Barbara Barrows Nightingale; the estate of Edwin A. Barrows, Jr; and the estate of Theodora Barrows McCue.

The facts of this case, which were established in an agreed statement of facts pursuant to G.L.1956 (1985 Reenactment) § 9–24–25, are interesting and important to our conclusions. The Colt Estate is one with which this court has become familiar over the years. Samuel Pomeroy Colt died on August 13, 1921. He was survived by his sons, Russell G. Colt and Roswell C. Colt, and his brother LeBaron B. Colt.[1] In his will the testator appointed the Industrial Trust Company a.k.a. Fleet National Bank (plaintiff) as executor and trustee under the will. The plaintiff has acted as trustee of the twenty-seventh and twenty-eighth-clause trusts since its inception. Since 1921 we have been called upon to interpret the language of Samuel Pomeroy Colt's will on no less than ten previous occasions.[2]

The twenty-seventh clause (hereinafter the 27th clause) of the testator's will creates a trust consisting of the testator's real estate in Bristol, Rhode Island. The testator's son Russell was given the right to occupy Homestead Estate and his son Roswell was given the right to occupy Colt Farm. These two parcels of real estate were to be held in trust "for and during the natural lives of said children and grandchildren until all but one of them shall have deceased * * *." At the time that only one grandchild remains, the will instructs that "my Trustee shall convey, transfer and deliver to such survivor, discharged of all

---

1. For a chart describing the relevant branches of the Colt family tree *see Fleet National Bank v. Colt,* 529 A.2d 122, 132 (R.I.1987).

2. *Fleet National Bank v. Colt,* 529 A.2d 122 (R.I. 1987); *Industrial National Bank v. Colt,* 102 R.I. 672, 233 A.2d 112 (1967); *Industrial National Bank v. Morey,* 86 R.I. 15, 133 A.2d 724 (1957); *Industrial Trust Co. v. Flynn,* 74 R.I. 396, 60 A.2d 851 (1948); *Industrial Trust Co. v. Wilson,* 61 R.I. 169, 200 A. 467 (1938); *Industrial Trust Co. v. Wilson,* 58 R.I. 378, 192 A. 821 (1937); *Industrial Trust Co. v. Colt,* 50 R.I. 252, 146 A. 857 (1929); *Colt v. Industrial Trust Co.,* 50 R.I. 242, 146 A. 628 (1929); *Industrial Trust Co. v. Alves,* 46 R.I. 16, 124 A. 260 (1924); and *Industrial Trust Co. v. Colt,* 45 R.I. 334, 121 A. 426 (1923).

trust, my said Homestead Estate and Farm * * *." The 27th clause also orders that the trustee hold in trust the rest of the testator's land in Bristol and that any "net income, rents and profits derived from said other real estate, [apply] * * * as may be necessary for the expenses attending the care, management and custody of my Homestead Estate and my said Farm * * *." Furthermore the 27th clause creates a special trust consisting of one half of the testator's residuary estate. This special trust was created "to apply the net income thereof or so much as may be necessary toward the expenses of the care, management and custody of my said Homestead Estate and said Farm * * *."

The twenty-eighth clause (hereafter the 28th clause) of the testator's will creates a trust consisting of the remaining one half of the testator's residuary estate. This clause instructs that this trust should be divided into six parts and distributed as follows: one-sixth to Russell Colt, one-sixth to Roswell Colt, and one-sixth to LeBaron Colt. The three-sixths remaining was to be held in trust (hereafter the 28th-clause residuary trust) with income distributed to Russell, Roswell, and LeBaron on at least a semiannual basis. The will also provides that after the deaths of Russell, Roswell, and LeBaron the trustee "shall pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living." Finally the 28th clause provides that after the testator's grandchildren have died, the children of the grandchildren will take a per stirpes proportion of the estate discharged of all trust.

The present case comes before this court owing to the death of Samuel P. Colt, the son of Russell Colt. Samuel P. Colt's death is legally significant because of the holding of this court in *Colt v. Industrial Trust Co.*, 50 R.I. 242, 146 A. 628 (1929). In that case this court interpreted the word "grandchild" in the 27th clause of the will to mean grandchildren who were living at the time of the testator's death. *Id.* at 245, 146 A. at 630. Defining the term "grand-

child" was important because, as noted earlier, the 27th clause trust consisting of Homestead Estate and Colt Farm ends when all but one of the grandchildren have died. When one grandchild survives, that grandchild inherits Homestead Estate and Colt Farm. The death of Samuel P. Colt, the son of Russell Colt, leaves Elizabeth Stansfield as the only remaining grandchild who was alive at the time of the death of the testator. Thus, Elizabeth Stansfield inherited Homestead Estate and Colt Farm. *See Fleet National Bank v. Colt*, 529 A.2d 122, 131 (R.I.1987).

█ The only remaining asset of the 27th clause is the special trust that was created to help pay the expenses of Homestead Estate and Colt Farm. Since Homestead Estate and Colt Farm have been dispersed according to the command of the 27th clause, the special trust no longer serves its purpose. The plaintiff in this appeal requests instructions on how the principal of the special trust should be distributed.

The last sentence of the 27th clause of the will provides:

"And upon the termination of the trust hereinbefore expressed concerning my real estate in said Town of Bristol, said one-half of my residuary estate shall fall in and become a part of the other half of my residuary estate to be divided and distributed or held as provided in clause Twenty-eight of this Will."

This clause is ambiguous and open to various interpretations. In reviewing this clause, "our initial and primary obligation is to ascertain, if possible, the dispositive intent expressed in the will in its entirety and in the light of the circumstances attendant on its formulation." *Strauss v. van Beuren*, 119 R.I. 376, 378, 378 A.2d 1057, 1058 (1977).

We have been presented with numerous briefs that argue for the interests of the various defendants. From these briefs, we discern three plausible interpretations for the last sentence of the 27th clause. One interpretation is that the principal of the 27th-clause special trust falls into and be-

comes a part of the 28th-clause residuary trust. The result of this interpretation would be that the entire principal of the 27th-clause special trust would be divided between Elizabeth Stansfield and Melba Delmouzos, daughters of Roswell Colt, who are the only surviving grandchildren of Samuel Pomeroy Colt among those who were living at the time of his death.

A second interpretation is that the principal of the 27th-clause special trust should fall into and become part of the 28th-clause residuary trust and be distributed according to the rule established in *Industrial Trust Co. v. Flynn*, 74 R.I. 396, 60 A.2d 851 (1948). The result of this argument would be to divide the principal of the 27th-clause special trust into three parts that would then be distributed to the children or grandchildren of Russell, Roswell, and Le-Baron Colt.

The final interpretation advanced is that the principal of the 27th-clause special trust fund should be distributed according to the instructions of the 28th clause. The effect of this interpretation would be to divide one half of the principal of the 27th-clause special trust among the estates of Russell, Roswell, and LeBaron Colt. Since Russell, Roswell, and LeBaron are all deceased, this amount would be distributed to their heirs as provided for in *Flynn*. The remaining one half of the principal of the 27th-clause special trust would be distributed according to the instructions for distribution of the residuary trust contained in the 28th clause. We are of the opinion that this last interpretation providing for a six-share distribution is most consistent with our prior conclusion and gives effect to the testator's intent. Therefore, the principal of the 27th-clause special trust fund should be distributed according to the instructions of the 28th clause.

As we have said, this court has had numerous opportunities to construe the terms of the Colt will. In *Industrial Trust Co. v. Wilson*, 61 R.I. 169, 200 A. 467 (1938), the court was asked to interpret part of the 28th clause of the will concerning the distribution of the residuary estate. Specifically the court was asked whether children born after the death of the testator were entitled to income from the 28th-clause residuary trust. The *Wilson* court determined that the language "my Trustee shall pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living" was clear and unambiguous. *Id.* 61 at 176, 200 A. at 472. Thus the court gave effect to the word "surviving" and held that any child or children of the deceased son or brother, regardless of whether they were born before the testator's death, could receive income from the 28th-clause residuary trust. *Id.* at 179, 200 A. at 473. Therefore, children born to the testator's sons or brother after the death of the testator were able to receive income from the 28th-clause residuary trust.

The next opportunity to interpret the Colt will was in *Industrial Trust Co. v. Flynn*, 74 R.I. 396, 60 A.2d 851 (1948). In *Flynn* this court addressed an issue concerning the relationship of the 27th-clause special trust and 28th clause distribution scheme. Specifically the court was asked to decide who was entitled to the income that the late Theodora Barrows, a daughter of LeBaron Colt, had received from the 27th-clause special trust. In order to answer this question, the court had to construe part of the 28th clause. That part provides that "upon the decease of such child or children of my said sons and my said brother, as the same shall respectively happen, my Trustee shall convey, transfer and set over to the child or children, per stirpes and not per capita, his, her or their proportionate share of his trust estate, as an estate vested in fee simple, discharged of all trust." The *Flynn* court held that the testator intended to individualize the gifts to his grandchildren under this clause. *Id.* at 415, 60 A.2d at 860. This determination avoided any problems that these future gifts may have had with the rule against perpetuities. On the distribution question the court stated that "upon the death of each first life tenant the income from his particular share was given in

equal shares to the surviving children of that first life tenant as individuals for and during their respective lives * * *.[3]" *Id.* at 415, 60 A.2d at 860. Furthermore, the court held that "upon the death of each second life tenant 'as the same shall respectively happen' * * * a proportionate share of the principal, to the income of which she [or he] was entitled for life, vested in enjoyment in and was distributable to her children, *per stirpes* and not *per capita*, as an estate in fee simple free of all trust."[4] *Id.* at 415–16, 60 A.2d at 860. Finally the court determined that the shares of the surviving children were vested upon the death of the first life tenant and that these shares could not be increased or decreased upon the death of any second life tenant. *Id.* at 415, 60 A.2d at 860. Thus in *Flynn* the three children of Theodora Barrows split in three portions the income that she had received before her death from the 27th-clause special trust. *Id.* at 416, 60 A.2d at 860.

In *Industrial National Bank v. Morèy*, 86 R.I. 15, 133 A.2d 724 (1957), this court was asked to determine whether instructions in the 28th clause of the testator's will effectuated a gift that violated the rule against perpetuities. This issue arose because of the death of Mary Colt Gross, the daughter of LeBaron Colt, who died without issue. The court considered the following language of the 28th clause:

"And in case of failure of the limitations and objects of the preceding trust, that is to say, if either or both of my said sons or my said brother shall die leaving no child surviving, or if leaving child or children surviving, such last named child or children shall die leaving no child or children surviving him, her or them, as the case may be, then my Trustee shall convey, transfer and set over, discharged of all trust, the share or shares of said trust estate to which any such grandchild or grandchildren would have been entitled if

3. The term "first life tenant" is used to describe the testator's two sons, Russell and Roswell, and his brother LeBaron.

4. The term "second life tenant" constitutes a group consisting of Russell's three children:

living, to the person or persons who at the time of ascertaining such failure of the aforesaid objects of said trusts would have been my heir or heirs-at-law * * *."

The court determined that the testator's instructions that the trustee convey shares of his trust according to the intestacy laws of the state if any of the testator's gifts fails because of a beneficiary's dying without issue did violate the rule against perpetuities. *Id.* at 20, 133 A.2d at 728. The court reasoned that "there is a possibility that the gift to such specially described heirs would not vest within the period of a life or lives in being and twenty-one years thereafter." *Id.* Thus the court ordered the trustee to pay Mary Colt Gross's share of the 28th clause trust to the testator's estate as intestate property. Similarly the 27th clause surplus net income to which Mary Colt Gross was entitled should be distributed to the estate of the testator as intestate property. *Id.* at 22, 133 A.2d at 728–29.

The final previous case interpreting the Colt will that merits our attention is *Fleet National Bank v. Colt*, 529 A.2d 122 (R.I. 1987). In *Colt* the issue to be decided arose upon the death of Caldwell Colt, a son of Roswell Colt. Caldwell left two surviving children, Samuel P. Colt and Julia Wedgewood Colt. The court determined that neither child was a life in being at the death of the testator or at the death of Roswell for purposes of the rule against perpetuities. *Id.* at 125. Thus, the issue arose as to whether Caldwell's children may inherit their father's second life tenant share of the testator's estate.

The *Colt* court stated that
"we must determine whether his [Caldwell's] shares vest in his children's possession within a life in being plus twenty-one years. This life in being must bear a causal relationship to the vesting of interests under the Will because * * * the wait-and-see doctrine limits the range of possible measuring lives by requiring

Samuel P. Colt, Ethel Miglietta, and John Colt; Roswell's four children: Elizabeth Stansfield, Caldwell Colt, Melba Delmouzos, and Bryan Colt; and LeBaron's three children: Theodora Barrows, Mary Gross, and Elizabeth Anthony.

that they bear a causal relationship to the vesting of the future interest question." *Id.* at 130.

The court determined that Elizabeth Stansfield, Caldwell Colt's sister, was a life in being and an acceptable measuring life. *Id.* Furthermore the court decided that Elizabeth Stansfield was causally connected to the life estate of her siblings and therefore to the remainder interest in her siblings' children. *Id.* As a result Caldwell Colt's children could receive his share of the 27th clause and 28th clause income since the gift does not violate the rule against perpetuities.

When interpreting a will, it is our duty "to ascertain from the language of the will, if possible, the intent of the testator, and to give effect thereto if it is not contrary to positive law. That is the cardinal rule in construing wills." *Industrial Trust Co. v. Flynn,* 74 R.I. at 408, 60 A.2d at 857. We have also held that "[i]n construing a will, unless a contrary intent clearly appears, language employed by a testator must be given its natural and ordinary meaning; and his general intent must be gathered from the will or clause as a whole, and not from any single expression apart from the context." *Bliven v. Borden,* 56 R.I. 283, 288, 185 A. 239, 242 (1936). With these rules as a guide, we proceed to a discussion of the interpretations of the last sentence of the 27th clause that have been presented by defendants.

The argument offered by Elizabeth Stansfield and Melba Delmouzos that the 27th-clause special trust principal falls into and becomes part of the 28th-clause residuary trust and therefore devolves to them is not persuasive. First, the language of the 27th clause precludes us from accepting the argument that 27th-clause special trust falls into and becomes part of only the 28th-clause residuary trust. The 27th clause provides for a survival race to determine who ultimately receives ownership of Homestead Estate and Colt Farm. Elizabeth Stansfield, as the last living second life tenant who was alive at the time of the testator's death, received both Homestead Estate and Colt Farm. A survival race, however, is not contemplated for distributing the principal of the 27th-clause special trust fund. The will instructs that this principal fall into and become part of the entire 28th clause distribution scheme. This distribution scheme has been interpreted in *Flynn* to provide for per stirpes distribution to second life tenants rather than distribution to a final survivor of a class.

This analysis is buttressed by the fact that the testator had a special affection for Homestead Estate and Colt Farm. For example, the will provides "[I]t is my special request that my descendants to whom this Homestead Estate and said Farm shall belong as an estate in fee simple shall not sell or alienate the same." Therefore, it is logical that the testator would wish to keep these special assets among his close family members. A survival contest, with the last living second life tenant receiving these special assets, achieves this goal. On the other hand, no such special affinity exists in regard to the residuary estate. The 28th clause clearly contemplates distribution of residuary assets to distant relatives. Thus, the plain language of the will and the testator's lack of a special feeling for the residuary estate indicate that the testator did not intend that the principal of the 27th-clause special trust should devolve only to two close family members.

The second suggestion interpreting the last sentence of the 27th clause is also unconvincing. This suggestion argues that the principal of the 27th-clause special trust fund should fall into and become part of the 28th-clause residuary trust and be distributed according to the rule in *Flynn.* The result of this argument would be that the children of each second life tenant would receive a per stirpes share, free of trust, of what their parents were entitled to under the will. If the second life tenant died without issue, then that share would be distributed according to intestacy rules as established in *Morey.*

This argument fails because it is inconsistent with the last sentence of the 27th clause. That sentence states in pertinent part that "said one-half of my residuary

estate shall fall in and become a part of the other half of my residuary estate to be divided and distributed or held as provided in clause Twenty-eight of this Will."

The 28th clause of the will provides two principal means of distributing assets of the estate. Three-sixths of the residuary of the testator's estate is distributed to Russell, Roswell, and LeBaron, with each receiving a one-sixth share. The remaining three-sixths of the residuary of the testator's estate is held in trust for Russell, Roswell, and LeBaron, and upn their deaths "my Trustee shall pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living." Thus if any funds are to be distributed according to the instructions of the 28th clause, the distribution must follow the two methods that are clearly expressed in the will. Since this second suggestion merely provides for one method of distribution, it conflicts with the testator's instructions in the 28th clause and therefore must be dismissed from consideration.

The final argument presented is that the principal of the 27th-clause special trust fund should be distributed according to the instructions of the 28th clause. This argument is most consistent with the testator's intent and our prior opinions interpreting this will.

The testator's intent can be discerned by reviewing the language in the will and the prior decisions of this court that interpret the will. As previously noted, the 28th clause clearly provides for two methods of distributing assets. Since the will provides that the principal of the 27th-clause special trust should be distributed according to the terms of the 28th clause, the two distribution methods must be given effect.

This court has found "running through this will an intense desire on the part of the testator not only to bestow generous portions of his estate upon his close kin whom he knew in life but also to make his bounty reach into the distant future for the benefit of remote descendants." *Wilson*, 61 R.I.

at 182, 200 A. at 474. The distribution now being considered would give effect to this intent. The three-sixths share of the 27th-clause special trust fund that would go to Russell, Roswell, and LeBaron if they were alive should be distributed according to the rule established in *Flynn*. Thus each child of Russell, Roswell, and LeBaron would be entitled to a per stirpes share of that to which their father had been entitled. Since only Roswell's daughters Elizabeth Stansfield and Melba Delmouzos are now living, the grandchildren of Russell, Roswell, and LeBaron can also inherit according to *Flynn*. The grandchildren are entitled to receive a per stirpes share of what their parents were entitled to discharged of all trust. *See Flynn*, 74 R.I. at 415–16, 60 A.2d at 860.

The remaining three-sixths shall be distributed according to the instruction in the 28th clause. Thus the surviving children of Russell, Roswell, and LeBaron are entitled to receive income from the 28th-clause residuary trust. Specifically Elizabeth Stansfield and Melba Delmouzos, the surviving children of Roswell Colt, should continue to receive income from this trust. The grandchildren of Russell, Roswell, and LeBaron should receive a per stirpes share of what their parents would be entitled to if living. This distribution fulfills the testator's intent and is consistent with our prior decisions.

■ We next turn to a discussion of the source of payment for legal fees in this action. General Laws 1956 (1985 Reenactment) § 9–14–25 provides:

"In any civil action or other proceeding wherein construction of a will or trust deed or any part thereof is asked, there may be allowed to each of the parties defendant brought in such action * * * such reasonable sum for expenses and on account of counsel fees as the court in which such case is pending shall deem proper; such allowance shall be * * * paid out of the estate or fund in the hands of the complainant concerning which estate or fund the construction is asked."

This statute directs that attorney fees be awarded in cases like the present case. Therefore, we determine that attorney fees should be awarded.

The more difficult question is that of from what source such funds to pay these fees should come. In *Fleet National Bank v. Colt*, 529 A.2d 122 (R.I.1987), the court was asked to interpret portions of the 27th and 28th clauses of the testator's will just as it is asked in the present case. The court in that case held that "costs and fees should be allocated between both trusts in shares proportionate to the amount of principal remaining in both trusts." *Id.* at 131.

The decision reached by the court today involves an interpretation of both the 27th and the 28th clauses. Thus, application of the rule established in *Colt* would lead to the result that the fees should be paid from both the 27th and the 28th clauses. At the present time, however, the 28th clause trust is much more depleted than the 27th-clause trust. Therefore, we are of the opinion that it would be fairer for the fees to be paid out of the 27th clause trust. This will ensure that the 28th clause trust will not be exhausted by attorney fees.

Having answered both questions certified to this court, we now remand the papers of the case to the Superior Court for proceedings consistent with this opinion.