INDUSTRIAL NATIONAL BANK OF PROVIDENCE, *Trustee, vs.*

ELIZABETH C. MOREY *et al.*

JUNE 28, 1957.

PRESENT: Flynn, C. J., Condon, Andrews and Paolino, JJ.

CONDON, J. This is a bill in equity for the construction of the twenty-seventh and twenty-eighth clauses of the will of Samuel P. Colt, late of the town of Bristol, deceased. After the cause was ready for hearing for final decree in the superior court it was certified to this court for our determination in accordance with general laws 1938, chapter 545, §7.

The testator died August 13, 1921 and thereafter his will was duly proved in the probate court of the town of Bristol. He left surviving him two sons, Russell G. Colt and Roswell C. Colt, and also a brother LeBaron B. Colt. By the twenty-eighth clause of his will, after giving one fourth of his residuary estate in equal shares to his said sons and his brother, he directed the complainant, his trustee, to hold one fourth of such estate upon the following trusts:

"My Trustee shall pay over semiannually or oftener in its discretion the net income arising therefrom in equal shares to my two sons, Russell Griswold Colt and Roswell Christopher Colt and my brother LeBaron Bradford Colt, for and during the terms of their natural lives; and upon the decease of any of them should such deceased son or brother survive me, otherwise from and after my decease, my Trustee shall pay to the surviving child or children of such deceased son or brother for and during the term of his, her or their natural life or lives the share of said net income to which such deceased son or brother would be entitled if living. And upon the decease of such child or children of my said sons and my said brother, as the same shall respectively happen, my Trustee shall convey, transfer and set over to the child or children of such deceased child or children, per stirpes and not per capita, his, her or their proportionate share of this trust estate, as an estate vested in fee simple, discharged of all trust. *And in case of failure of the limitations and objects of the preceding trust, that is to say, if either or both of my said sons or my said brother shall die leaving no child surviving, or if leaving child or children surviving, such last named child or children shall die leaving no child or children surviving him, her or them, as the case may be, then my Trustee shall convey, transfer and set over, discharged of all trust, the share or shares of said trust estate to which any such grandchild or grandchildren would have been entitled if living, to the person or persons who at the time of ascertaining such failure of the aforesaid objects of said trusts would have been my heir or heirs-at-law*

*according to the statutes of descent of real estate then
in force in the State of Rhode Island, if I had at that
time died intestate, seized and possessed of said share
or shares."*

The portion of that clause which we have italicized is
the subject matter of the instant suit. The sentence that
immediately precedes it was construed in *Industrial Trust
Co.* v. *Flynn,* 74 R. I. 396. The necessity for construction
in that case arose as the result of the death of Theodora C.
Barrows, one of the children of LeBaron B. Colt. The death
of Mary C. Gross, another of his children, without issue,
necessitated the instant suit. In *Industrial Trust Co.* v.
*Flynn, supra,* these children are referred to as the second
life tenants and their father as the first life tenant of the
share of income bequeathed to them in the above-quoted
clause. We shall so refer to them in the instant case.

Of the three specifically named first life tenants, Russell
G. Colt is the sole survivor. Roswell C. Colt died on May
1, 1935 leaving four children surviving him, namely, Eliza-
beth C. Morey, Caldwell C. Colt, Byron Colt, and Melba
Colt, who are the second life tenants of his share of income.
See *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169. We are
not here concerned either with that share or with Russell
G. Colt's share.

The pending controversy concerns solely the share of in-
come of LeBaron B. Colt who died on August 18, 1924 leav-
ing surviving him as second life tenants of such share three
daughters, namely, Theodora C. Barrows, Mary C. Gross,
and Elizabeth C. Anthony. On July 28, 1946 Theodora
died leaving surviving her a son, Edwin A. Barrows, Jr.,
and three children of two daughters who predeceased her,
namely, Theodora DeWolf Flynn, Barbara DeWolf Night-
ingale, and William Greene Nightingale, III. Thereupon
the question arose whether the proportionate share of the
trust principal, to the income of which Mrs. Barrows was
entitled for life, was distributable to her children.

It was held in *Industrial Trust Co.* v. *Flynn, supra,* that

such proportionate share had vested in Mrs. Barrows' children who were living at the death of their grandfather Le-Baron. The court expressly held that the respective shares of such children were definitely fixed and individualized at that time and that none of these shares was subject to any increase or diminution by what might happen in the distribution of other shares after the death of any other second life tenant.

That holding is now the law of this will. *Green* v. *Edwards,* 31 R. I. 1. It establishes irrevocably the construction of the following provision thereof which the court had under consideration: "And upon the decease of such child or children of my said sons and my said brother, as the same shall respectively happen, my Trustee shall convey, transfer and set over to the child or children of such deceased child or children, per stirpes and not per capita, his, her or their proportionate share of this trust estate, as an estate vested in fee simple, discharged of all trust."

In making such construction the court expressly rejected the contention that the gift of income to the second life tenants was a gift to a class with the right of survivorship. Had that contention prevailed the instant case would not have arisen, since upon the death of Mrs. Gross her share of income would go to Mrs. Anthony, the sole surviving member of the class, and the further question whether the gift over of the share of principal violated the rule against perpetuities would not arise until the death of Mrs. Anthony. Now that question is inescapable.

After carefully considering the numerous briefs filed by able and industrious counsel representing the various contending parties in interest who seek a construction that will best redound to their benefit, we are of the opinion that the particular provision of the twenty-eighth clause now under consideration must be construed as resulting in an intestacy of the proportionate share of the trust principal to the income of which Mrs. Gross was entitled during her

life. According to the holding in *Industrial Trust Co. v. Flynn, supra,* it was the intention of the testator that such shares were to be individualized and were not to be increased or diminished by what might happen to any other share.

Consistently with that view, it could not have been his intention that upon the death of any second life tenant, without child or children surviving, such share should go to the other second life tenants. On the contrary he expressly provided that if a second life tenant, in this case Mrs. Gross, should "die leaving no child or children surviving him, her or them, as the case may be, then my Trustee shall convey, transfer and set over, discharged of all trust, the share or shares of said trust estate to which any such grandchild or grandchildren would have been entitled if living, to the person or persons who at the time of ascertaining such failure of the aforesaid objects of said trusts would have been my heir or heirs-at-law according to the statutes of descent of real estate then in force in the State of Rhode Island, if I had at that time died intestate, seized and possessed of said share or shares."

The intention of the testator as to the gift over in the above-quoted provision is clear and unambiguous. However, it is equally clear that looking at this disposition at the time of the testator's death, as we must, there is a possibility that the gift to such specially described heirs would not vest within the period of a life or lives in being and twenty-one years thereafter. Therefore such gift over is void as a perpetuity, and the proportionate share of the trust principal to the income of which Mrs. Gross was entitled for her life is distributable as intestate estate of the testator.

The next question involves a construction of the twenty-seventh clause. By that clause the net income of the other two fourths of the testator's residuary estate was applied toward meeting any deficiency in the income of his Bristol real estate, other than his homestead estate and farm, to

the payment of expenses of such estate and farm and to the payment of certain annuities. Thereafter any surplus of such income was to be applied "as provided in the Twenty-eighth clause of this Will with reference to the income of the residuary Estate to be held by my Trustee." It was further provided by the twenty-seventh clause: "And upon the termination of the trust hereinbefore expressed concerning my real estate in said Town of Bristol, said one-half of my residuary estate shall fall in and become a part of the other half of my residuary estate to be divided and distributed or held as provided in clause Twenty-eighth of this Will."

It was held in *Industrial Trust Co.* v. *Flynn, supra,* at page 418, that the surplus income under this clause "should follow in all respects the disposition that would take place if such income from clause Twenty-seventh were considered as being part of the trust in clause Twenty-eighth to be successively distributed as therein specified." In other words the court applied its construction of the twenty-eighth clause to the twenty-seventh clause. Under such construction we must hold that the gift of a proportionate share of the surplus income from the twenty-seventh clause was an individual gift to Mrs. Gross and that her failure to leave a child or children surviving at her decease caused such share of income and the share of principal from which it was derived to go as intestate estate of the testator in accordance with our construction of the twenty-eighth clause. Such shares may not be applied so as to increase the share of any other second life tenant. A construction that would make such a disposition possible would not be consistent with the holding in *Industrial Trust Co.* v. *Flynn, supra.*

The final question to be determined is whether the proceeds of the actual sale of certain real estate by the trustee retain their character as real estate or are now to be considered as personalty. In *Industrial Trust Co.* v. *Flynn,*

*supra*, it was held that because there was no mandatory direction to the trustee in the will to sell the real estate there was no equitable conversion, and such proceeds retained their character as real estate. As far as this will is concerned, we think that such question is now res judicata. But aside from proceedings for the construction of such will, the case is not to be cited as a precedent on this point, since we are of the opinion that where a power to sell has been exercised there is an actual conversion into personalty and no room remains for applying the doctrine of equitable conversion.

Before concluding this opinion, we should observe that complainant Industrial National Bank of Providence is by virtue of a decree of the superior court the successor trustee to the testamentary trustee Industrial Trust Company which consolidated with the Providence Union National Bank on February 1, 1954 under the name of Industrial National Bank of Providence.

To recapitulate and to answer specifically the questions propounded in the twenty-fourth paragraph of the bill of complaint, we hereby instruct the complainant as follows: 1. To pay over to the estate of Samuel P. Colt as intestate property the share in the principal of the trust estate under clause Twenty-eighth of the testator's will to the net income of which Mary C. Gross was entitled during her lifetime. 2. To pay over in like manner the surplus net income from the trust estate under clause Twenty-seventh of the testator's will to which Mary C. Gross was entitled during her lifetime.

On July 8, 1957 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

FLYNN, C. J., did not participate in the decision.

*Edwards & Angell, Walter A. Edwards*, for complainant.

For respondents:

H. L. *Weller,* for William G. Nightingale, Jr., individually, and as adm'r of estate of Barbara Barrows Nightingale, deceased, and as guardian of estates of Barbara DeWolf Nightingale and William Greene Nightingale, III.

Also, guardian *ad litem* of Barbara DeWolf Nightingale and William Greene Nightingale, III.

*Max Winograd, Marshall B. Marcus, J. A. Weissfeld, David C. Rothman,* for Melba P. Colt, individually, and as adm'x of estate of Roswell C. Colt.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for Elizabeth C., S. Reed, and LeBaron C. Anthony.

*Higgins & McCabe, Eugene V. Higgins,* for Fred B. Perkins, adm'r, estates of Theodora Barrows McCue and Thomas W. McCue.

*Haslam and Arnold, Charles R. Haslam, Erving T. Arnold,* for Caldwell C. Colt.

*Francis J. Maguire,* for Edwin A. Barrows, Jr.

*James J. Corrigan,* for Melba and Byron Colt.

*Sayles Gorham,* guardian *ad litem* of John D. Miglietta, Samuel C., Dorothy and Rodney C. Wilson and representative of contingent interests.